IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREW COX,** | CASE NO. 4:23 CV 1329 |
| Petitioner, | |
| v. | JUDGE CHARLES E. FLEMING |
| **UNITED STATES,** | |
| | **MEMORANDUM OPINION** |
| Respondent. | **AND ORDER** |

*Pro se* petitioner Andrew Cox is currently incarcerated in the Elkton Correctional Institution. He filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his conviction in the United States District Court for the District of New Jersey. (ECF No. 1). For the following reasons, the Court dismisses the action.

BACKGROUND

In 2011, Cox pleaded guilty in the District of New Jersey to six counts of knowingly distributing child pornography in violation of 18 U.S.C. § 2252(a)(2)(A). Minute Entry, *United States v. Cox*, No. 2:11-CR-0099 (D.N.J. Nov. 17, 2011), ECF No. 75. He was sentenced to 262 months in prison. Minute Entry, *United States v. Cox*, No. 2:11 CR 0099 (D.N.J. Oct. 3, 2012), ECF No. 128. The Third Circuit Court of Appeals affirmed his conviction and sentence in 2014. *See United States v. Cox*, 553 F. App'x 123, 125 (3d Cir. 2014). On January 20, 2016, Cox filed a motion to vacate under 28 U.S.C. § 2255 in a new case in the District of New Jersey, which it remains pending. *Cox v. United States*, No. 2:16-CV-00345 (D.N.J. filed Jan. 20, 2016).

Cox's petition in this case claims that the District of New Jersey has taken too long to decide his motion to vacate. (ECF No. 1, PageID# 2). He contends the delay constitutes a violation of the "suspension clause," Art. I, sec. 9, cl.2 of the United States Constitution, which renders his remedy under § 2255 inadequate and ineffective. (*Id.* at PageID# 12). He claims this provides authority under the "saving clause" of § 2255 to file a petition under 28 U.S.C. § 2241. (*Id.*). Although he does not raise any substantive claims in this petition, he asks this Court to vacate his conviction and order his immediate release from federal custody. (*Id.* at PageID# 14).

Cox has repeatedly petitioned this district court for relief from his conviction under 28 U.S.C. § 2241. *See Cox v. United States*, No. 4:15-CV-01756, 2015 U.S. Dist. LEXIS 171271 (N.D. Ohio Dec. 23, 2015) (Lioi, J.) (asking this Court to override the decisions of the District of New Jersey and the Third Circuit Court of Appeals denying his speedy trial claim); *Cox v. United States*, No. 4:16-CV-00261, 2016 U.S. Dist. LEXIS 46485 (N.D. Ohio Apr. 6, 2016) (Boyko, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241); *Cox v. United States*, No. 4:16-CV-01236, 2016 U.S. Dist. LEXIS 86016 (N.D. Ohio Jul. 1, 2016) (Lioi, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241); *Cox v. United States*, No. 4:16-CV-01981 (N.D. Ohio Sept. 12, 2016) (Nugent, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241); *Cox v. United States*, 4:17-CV-00248, 2018 U.S. Dist. LEXIS 166593 (N.D. Ohio Sept. 27, 2018) (Helmick, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241); *Cox v. United States*, No. 4:22-CV-00166, 2022 U.S. Dist. LEXIS 66860 (N.D. Ohio Apr. 11, 2022) (Fleming, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his

conviction under § 2241); *Cox v. United States*, No. 4:22-CV-00166, 2023 U.S. Dist. LEXIS 16322 (N.D. Ohio Jan. 31, 2022) (on remand from the United States Sixth Circuit Court of Appeals with the instruction that the district court dismiss the Section 2241 petition for lack of subject matter jurisdiction).

This district court has repeatedly informed Cox that he cannot challenge his conviction or sentence § 2241. In three of his prior petitions, this Court denied the petitions based on res judicata. However, Cox has filed yet another petition invoking the "suspension clause" to argue that his remedy under § 2255 is inadequate and ineffective, thus allowing him to file a petition under § 2241. Importantly, just as in his 2022 petition, Cox argues that he should be able to obtain relief under § 2241 due to the District of New Jersey's delay in deciding his § 2255 motion to vacate.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under § 2243). The Court may

also dismiss a habeas petition *sua sponte* if the Court determines that it lacks subject matter jurisdiction. *Williams v. Stegall*, 945 F. Supp. 145, 146–47 (E.D. Mich. 1996).

## DISCUSSION

Petitioner asserts only that he should be permitted to seek relief under § 2241 due to the District of New Jersey's delay in ruling on his § 2255 Motion.

Section 2255 provides a means by which a federal prisoner may challenge his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). By contrast, § 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'—those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495–96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam)). Petitioner cannot raise claims in a § 2241 petition when his attempts to obtain relief under § 2255 are unsuccessful. *Id.*

Section 2255(e) does, however, contain a "safety valve" provision (or savings clause), which permits a federal prisoner to challenge his conviction or the imposition of his sentence under § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention"; it is available only for very specific and limited types of claims. *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019) (providing a clear explanation on the limited application of the saving clause). It is Cox's burden to establish that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Cox's current petition is effectively identical to his 2022 petition. He argues yet again that the delay in his § 2255 proceedings allows him to invoke the savings clause. However, as this Court has previously opined, he has not demonstrated that inordinate delay in § 2255 proceedings implicates the narrowly-applied provisions of the savings clause. Absent that showing, this Court lacks subject

4

matter jurisdiction to consider his § 2241 petition.  *Cox v. United States*, No. 22-3366, 2022 WL 15526712, at *2 (6th Cir. Oct. 25, 2022) (citing *Taylor v. Owens*, 990 F.3d 493, 495, 499–500 (6th Cir. 2021)).

## CONCLUSION

Accordingly, the Court **DENIES** and **DISMISSES** the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 due to lack of subject matter jurisdiction.  Further, the Court **CERTIFIES** pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date: October 26, 2023**

*[signature: Charles Fleming]*

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**