IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREW COX,** | CASE NO. 4:23 CV 1329 |
| Petitioner, | |
| v. | JUDGE CHARLES E. FLEMING |
| **UNITED STATES,** | |
| | **MEMORANDUM OPINION** |
| Respondent. | **AND ORDER** |

*Pro se* petitioner Andrew Cox is currently incarcerated in the Elkton Correctional Institution. He filed his seventh Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court, challenging his conviction in the United States District Court for the District of New Jersey. (ECF No. 1). On October 26, 2023, guided by the Sixth Circuit's decision in *Cox v. United States*, No. 22-3366, 2022 WL 15526712 (6th Cir. Oct. 25, 2022), this Court dismissed Cox's petition for lack of subject matter jurisdiction. (ECF No. 3, PageID# 24–25). Cox now timely moves this Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e).

I.     **STANDARD OF REVIEW**

Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Amending or altering a judgment is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice." *Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 847 (S.D. Ohio 2007) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.

1999)). However, a motion under Rule 59(e) is an improper vehicle to obtain a complete reversal of a judgment. *See, e.g.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."); *Brown v. Robinson*, No. 3:20-cv-113, 2022 WL 1819336, at *1 (S.D. Ohio June 3, 2022) (denying Rule 59(e) motion filed by habeas petitioner where the motion reargued the petitioner's case); *Dana Corp. v. U.S.*, 764 F. Supp. 482, 488–89 (N.D. Ohio 1991) (denying motion to alter or amend a judgment when it sought a complete reversal of the court's judgment "by offering essentially the same arguments presented in [the] initial motion for summary judgment"); *Erikson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226, 234 (N.D. Ohio 1967) (denying a motion for alteration or amendment of the Court's judgment when the plaintiff sought a complete reversal of the judgment because "[s]uch is not the purpose of the Rule[]").

## II. DISCUSSION

### A. Clear Error of Law

Cox argues that this Court's October 26, 2023 Memorandum Opinion and Order is based on a clear error of law and produced manifest injustice. (ECF No. 5, PageID# 27). A party moving to alter or amend a judgment based on a "clear error of law" is held to a high standard. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010), *on reconsideration in part* (Jul. 21, 2010). To alter or amend its judgment under Rule 59(e), the Court must find that it wholesale disregarded, misapplied, or failed to recognize controlling precedent.. *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (6th Cir. 2000)). In other words, "a judgment must be 'dead wrong' to qualify as being clearly erroneous." *Id.* (quoting *H & A Land Corp. v. City of Kennedale*, No. 4:02-CV-458, 2005 WL 6803499, at *2 (N.D. Tex. Oct. 24, 2005).

This Court's Order found as follows:

> Cox's current petition is effectively identical to his 2022 petition. He argues yet again that the delay in his § 2255 proceedings allows him to invoke the savings clause. However, as this Court has previously opined, he has not demonstrated that inordinate delay in § 2255 proceedings implicates the narrowly-applied provisions of the savings clause. Absent that showing, this Court lacks subject matter jurisdiction to consider his § 2241 petition. *Cox v. United States*, No. 22-3366, 2022 WL 15526712, at *2 (6th Cir. Oct. 25, 2022) (citing *Taylor v. Owens*, 990 F.3d 493, 495, 499–500 (6th Cir. 2021)).

(ECF No. 3, PageID# 24-25).

Cox's Rule 59(e) Motion claims that this Court failed to address *Workman v. Tate*, 957 F.2d 1339 (6th Cir. 1992), which Cox argues supports his position that "inordinate delay" triggers the § 2255 savings clause. (ECF No. 5, PageID# 27). Specifically, Cox interprets *Workman* as standing for the proposition that "any showing of inordinate delay in post-conviction proceedings renders the procedures 'ineffective or inadequate[.]'" (*Id.*). But *Workman* addressed a far more discreet issue: whether habeas relief can be barred by a petitioner's failure to exhaust his state court remedies when the state court failed to address the petitioner's post-conviction ineffective assistance claim over a three-year period. *Id.* at 1344. The Sixth Circuit answered that question in the negative, holding that, where a state court delays its adjudication of a petition for post-conviction relief, the state cannot challenge a later-issued writ of habeas corpus due to a failure to exhaust state-court remedies. *Id. Workman* did not address the § 2255 savings clause nor whether "inordinate delay" by federal courts during federal post-conviction proceedings implicates the legality of a prisoner's *sentence*, as it must under the § 2255 savings clause. *See Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019 ("By its terms, § 2255 only covers challenges to a *sentence*."). The Court, therefore, did not ignore controlling precedent when it determined that

Cox's petition fails to invoke the § 2255 savings clause and that this Court lacks subject matter jurisdiction to hear his petition. There is no clear error of law.

### B. Manifest Injustice

The manifest injustice inquiry is "a fact-specific analysis that falls squarely within the discretionary authority of the court." *Id.* (citing *GenCorp*, 178 F.3d at 834). It is not a catch-all provision permitting litigants to relitigate their case; rather, it requires the Court to balance "the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings." *Id.* at 809 (citing *GenCorp*, 178 F.3d at 834).

The Court disagrees that its October 26, 2023 Order produced manifest injustice. The petition filed in this case is Cox's seventh such petition in the Northern District of Ohio, and it is identical in substance to Cox's sixth petition, which this Court dismissed. The Sixth Circuit plainly held—with respect to *this petitioner* asserting claims that mirror those asserted in *this petition*—his failure to establish that his remedy under § 2255 is "inadequate or ineffective" deprives the District Court of subject matter jurisdiction. *Cox v. United States*, No. 22-3366, 2022 WL 15526712, at *2 (6th Cir. Oct. 25, 2022). This Court's Order, based upon Sixth Circuit precedent concerning Cox and the very claims he asserted in this case, is both fair and just, and it is supported by controlling Sixth Circuit authority. Therefore, altering or amending this Court's Order would not prevent manifest injustice.

### III. CONCLUSION

Accordingly, the Court **DENIES** Petitioner Andrew Cox's Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). Further, the Court **CERTIFIES** pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: November 14, 2023

---
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**